■ WINFRED DEJESUS, Respondent, v JAMES DEJESUS, Appellant. [617 NYS2d 364] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Marrero, J.), dated July 27, 1992, as amended by a supplemental order of the same court, dated August 4, 1992, which, *inter alia,* denied his application to change custody of the parties' infant child, pendente lite, and required the parties to consult further with a court-appointed psychiatrist with respect to visitation.

Ordered that the order, as amended, is affirmed insofar as appealed from, with costs.

The parties herein were married on September 22, 1983.

Their daughter was born on May 7, 1988, after the parties had separated and the defendant had moved out of the house. Both parties sought court intervention concerning, *inter alia,* child custody and visitation, but were able initially to agree to an arrangement wherein the child remained in the plaintiff's custody and the defendant was permitted to visit with the child on a regular basis.

In or about November 1991 the plaintiff moved for custody of the child pendente lite and to prohibit the defendant from visiting the child on the ground that he had sexually abused the child. The defendant cross-moved for a temporary award of child custody alleging, *inter alia,* that the plaintiff had fabricated the sex abuse charges solely to deny him access to their daughter.

After a lengthy hearing, the court found that the plaintiff had not met her burden of proving the sexual abuse charges, but the court also concluded that the defendant had not met his burden of proving that the charges were fabricated maliciously for the purpose of interfering with his visitation rights. The court granted the defendant liberal unsupervised visitation and determined that no change of custody was warranted. In an amended order, the court established a schedule of unsupervised visitation, and directed the parties to consult with a court-appointed psychiatrist for further evaluation.

On appeal, the defendant contends that the best interests of the child required an award of custody to him. We disagree.

The evaluation of the various factors to be taken into account in deciding a custody question is best made by the trial court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167). Custody matters are ordinarily within the discretion of the trial court and its findings are entitled to the greatest respect *(see, Matter of Irene O.,* 38 NY2d 776, 777), unless they lack a sound and substantial basis in the record *(see, Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

Contrary to the defendant's contentions, we conclude that the court's findings are adequately supported by the record here, and its determination to maintain custody with the mother was in the child's best interests *(see, Matter of Krebsbach v Gallagher,* 181 AD2d 363; *see also, Aberbach v Aberbach,* 33 NY2d 592, 593).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.