■ MURNANE ASSOCIATES, INC., Respondent, v HARRISON GARAGE PARKING CORP. et al., Defendants, and CITY OF SYRACUSE, Appellant. [630 NYS2d 187] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion to restore this matter to the calendar. The automatic stay pursuant to section 362 (a) (1) of the Bankruptcy Code (11 USC § 362 [a] [1]) does not apply to non-debtor defendants (*Central Buffalo Project Corp. v Edison Bros. Stores*, 205 AD2d 295, 297). Although an exception has been recognized when the bankrupt is obligated to indemnify a non-debtor defendant (*see, e.g., Robins Co. v Piccinin*, 788 F2d 994, 999, *cert denied* 479 US 876), the City of Syracuse has failed to show that such circumstance exists here. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Restore to Calendar.) Present—Denman, P. J., Pine, Fallon, Callahan and Balio, JJ.

■ In the Matter of DEBORAH CASTELLUCCI, Respondent, v RICHARD J. GOLDMANN, Appellant. [631 NYS2d 270] —Order unanimously affirmed without costs. Memorandum: The determination to award petitioner custody of her two children has a substantial basis in the record (*see, Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76). Because Family Court is "in the most advantageous position to evaluate the testimony, character, and sincerity of the parties" (*DeJesus v DeJesus*, 208 AD2d 587, 588; *see, Eschbach v Eschbach*, 56 NY2d 167), its findings are entitled to the greatest respect (*see, Matter of Irene O.*, 38 NY2d 776, 777). (Appeal from Order of Oneida County Family Court, Flemma, J.—Custody.) Present—Denman, P. J., Pine, Fallon, Callahan and Balio, JJ.