■ In the Matter of BUFFY E., Appellant, v LANCE C., Respondent. In the Matter of LANCE C., Respondent, v BUFFY E., Appellant: [643 NYS2d 280] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: A child was born out of wedlock to the parties in April 1993. Petitioner father did not believe that the child was his and did not admit paternity until after he had taken a blood test. Following entry of an order of filiation, petitioner asked respondent mother for visitation, and she agreed. When he picked up the child at the first visit, petitioner concluded that the child's living conditions were inappropriate and refused to return the child. In February 1994 petitioner was granted temporary custody without a hearing and a hearing on custody commenced in May 1994. At the conclusion of the hearing, Family Court concluded that both parties were able to provide for the child's emotional needs, but that petitioner was "better able to provide for the other needs of the child as his lifestyle was more stable". There is a substantial basis in the record to support the court's determination that it is in the child's best interests to reside with petitioner (*see, Matter of Rokitka v Bauer,* 219 AD2d 834; *cf., Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). Where there is conflicting testimony regarding the behavior of the parties, we defer to the court, which is in "the most advantageous position to evaluate the testimony, character, and sincerity of the parties" (*DeJesus v DeJesus,* 208 AD2d 587, 588; *see, Matter of Rokitka v Bauer, supra*).

We modify the order, however, insofar as it makes an award of joint custody. Joint custody is not favored and is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590). Joint custody should not be imposed on embattled and embittered parents who appear unable to put aside their differences for the benefit of the child (*see, Braiman v Braiman, supra*, at 589-590; *Matter of Sooy v Sooy*, 101 AD2d 287, 288-289, *affd sub nom. Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946). We agree with respondent that joint custody is not appropriate because the parties are not able to get along. We modify the order by granting sole custody of the child to petitioner. (Appeal from Order of Steuben County Family Court, Scudder, J.—Custody.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.