■ COBBLE HILL NURSING HOME, INC., Appellant, v LYNNE A. GRIFFO et al., Resppondents. [658 NYS2d 428] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 21, 1996, as denied its motion for summary judgment dismissing the defendants' counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the plaintiff's motion is granted, and the defendants' counterclaims are dismissed.

After the defendants failed to respond to the plaintiff's discovery requests, the plaintiff moved for an order of preclusion. The motion was granted to the extent that the defendants were precluded from offering evidence relating to the requested information unless they provided that information within 120 days after service of the order with notice of entry. The plaintiff subsequently warned the defendants that their time to provide the material was coming to a close and requested that the defendants meet their obligation so as to obviate yet another round of dereliction and enforcement. The defendants nevertheless failed to supply the plaintiff with the information which the court properly ordered. Based upon the order of preclusion, the plaintiff made the instant motion for summary judgment dismissing the defendants' counterclaims.

A party seeking to avoid the adverse impact of a conditional order of preclusion must demonstrate a reasonable excuse for the delay and the existence of a meritorious claim *(see, Felicciardi v Town of Brookhaven,* 205 AD2d 495; *Murdock v Center for Special Surgery,* 199 AD2d 482; *Higgins v Community Hosp.,* 135 AD2d 607). Under the circumstances, the defendants should not have been further indulged by the court, particularly in the absence of a reasonable excuse for their failure to supply the long overdue information. Moreover, the defendants failed to establish that their counterclaims had merit. Accordingly, the Supreme Court improvidently exercised its discretion by affording the defendants yet another extension *(cf., Evans v County of Nassau,* 240 AD2d 363). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.