■ JAY F. HOGAN, Appellant, v CITY OF KINGSTON, Respondent. [663 NYS2d 380] —White, J. Appeals (1) from an order of

the Supreme Court (Cobb, J.), entered December 10, 1996 in Ulster County, which, *inter alia*, granted defendant's motion to dismiss the complaint for failure to prosecute, (2) from the judgment entered thereon, and (3) from an order of said court, entered March 31, 1997 in Ulster County, which denied plaintiff's motion for reconsideration.

This negligence action was commenced in December 1994 for personal injuries sustained by plaintiff when he fell at the Common Counsel Chamber in the City of Kingston, Ulster County. Issue was joined and some discovery was completed. On April 22, 1996, defendant served plaintiff with a 90-day demand for resumption of prosecution pursuant to CPLR 3216 (e). After being served with the 90-day demand to resume prosecution, plaintiff failed to file a note of issue, move to vacate the notice to extend the period of compliance or take any other appropriate action. Plaintiff ultimately filed a note of issue on August 8, 1996. Thereafter, Supreme Court, finding no justifiable excuse for plaintiff's delay, granted defendant's motion to dismiss the complaint for failure to prosecute. Subsequently, Supreme Court denied plaintiff's motion for reconsideration. Plaintiff now appeals.

Dismissal of a cause of action on the ground that the plaintiff failed to file a note of issue within the 90-day period is prohibited if the plaintiff sufficiently establishes a " 'justifiable excuse for the delay and a good and meritorious cause of action' " (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503, quoting CPLR 3216 [e]). Although plaintiff contends that he was unable to file a note of issue because, *inter alia*, discovery was not yet complete due to defendant's belated disclosure of the name of their witness, the record establishes that defendant provided its witness's name on April 22, 1996, the date that the motion to resume prosecution was served. Thereafter plaintiff made no attempt to schedule a deposition of the disclosed witness and, moreover, failed to file a note of issue or take any other step within the 90-day period. As such, plaintiff failed to establish that he "pressed forward as diligently as possible after being served with the 90-day demand" (Siegel, NY Prac § 375, at 559 [2d ed]; *see, Bush v Hayward*, 156 AD2d 899, 901, *lv denied* 75 NY2d 709; *Mason v Simmons*, 139 AD2d 880, 881). Furthermore, our review of the record reveals no reasonable excuse for his delay.

In addition, other than plaintiff's generalized details of the accident in his complaint, which he repeated in his bill of particulars, we find that plaintiff failed to demonstrate that a meritorious cause of action existed (*see, e.g., Fountain v Village*

*of Canastota*, 219 AD2d 781, 782). Accordingly, we find no abuse of discretion in Supreme Court granting defendant's motion to dismiss the complaint.

To the extent that plaintiff appeals from the denial of his motion for reconsideration, as to the portion seeking renewal such a motion must be based on newly discovered evidence that was previously unavailable (*see, Matter of Johnson v Coombe*, 236 AD2d 669). Here, we agree with Supreme Court that plaintiff failed to offer a reasonable excuse for his failure to take appropriate steps following service of the notice of issue and failing to present relevant available evidence on the prior motion. In addition, the denial of a motion to reargue is not appealable (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

Mercure, J. P., Crew III and Spain, JJ., concur. Ordered that the judgment and orders are affirmed, with costs.