■ PHIL COLLINS CONSTRUCTION INC., Appellant, v KIRK HOLLIS et al., Respondents. [668 NYS2d 511] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 8, 1996 in St. Lawrence County, which granted defendant Kirk Hollis' motion to dismiss the complaint for lack of prosecution.

In view of plaintiff's failure to file a note of issue or to move to extend the period for compliance within 90 days following plaintiff's June 29, 1996 receipt of defendants' demand pursuant to CPLR 3216 (b) (3) and plaintiff's further failure to oppose defendants' dismissal motion with a justifiable excuse and an adequate showing of merit, Supreme Court acted well within its discretion in dismissing the complaint (*see, Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503; *Hogan v City of Kingston*, 243 AD2d 981, 982-983). In our view, the fact that Supreme Court had, in February 1996, stayed the action pending plaintiff's joinder of a necessary party does not excuse plaintiff's inaction. Notably, plaintiff has come forward with no justification for its failure to promptly comply with the order directing joinder. In addition, we agree with Supreme Court that plaintiff has failed to establish merit to its claims, asserted against defendant Kirk Hollis, an officer and shareholder of the corporation that dealt with plaintiff. Plaintiff's conclusory allegations concerning Hollis' diversion of trust funds find no competent support in the record.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.