■ LYNDA A. BAGE, Appellant, v WASTESTREAM, INC., et al., Respondents. [672 NYS2d 965] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 20, 1997 in St. Lawrence County, which granted defendants' motion to dismiss the complaint for failure to prosecute.

On November 5, 1993, plaintiff commenced this action by filing a summons and complaint. Throughout 1994, plaintiff produced documents demanded by defendants, answered inter-

rogatories and submitted to a deposition. Thereafter, on June 17, 1996, more than 2½ years after commencement of the action, defendants served a 90-day notice pursuant to CPLR 3216 demanding that plaintiff file a note of issue within 90 days. During the 2½-year period, plaintiff had sought no discovery from defendants.

Although plaintiff never filed a note of issue as demanded, in July 1996 a secretary for plaintiff's counsel apparently arranged dates for depositions of defendants, which dates were confirmed by letter dated July 25, 1996. The dates for the depositions subsequently were rescheduled by counsel for defendants and then abandoned due to a conflict. The secretaries for the parties' attorneys communicated by telephone in an attempt to reschedule the depositions and finally, sometime prior to December 1996, it was agreed that the office of defendants' attorney would contact the secretary of plaintiff's attorney with proposed dates. Nothing further occurred until March 11, 1997 when defendants noticed the instant motion to dismiss for want of prosecution. Supreme Court granted the motion and this appeal ensued.

It is now axiomatic that to avoid dismissal of a complaint for failure to prosecute under CPLR 3216, plaintiff must, *inter alia*, demonstrate a justifiable excuse for the delay in filing a note of issue (*see, e.g., Hogan v City of Kingston*, 243 AD2d 981, 982, *lv dismissed and lv denied* 91 NY2d 907). Assuming that counsels' secretaries' ongoing attempts to schedule depositions constitutes a reasonable excuse for delay, such conversations would only serve to justify a brief delay following the last conversation in that regard (*cf., Brady v Mastrianni, Abbuhl & Murphy*, 187 AD2d 858, 859). The record here indicates that the last conversation concerning scheduling occurred sometime in November 1996, some 3½ months before the instant motion was made. Under the circumstances, including the fact that at the time of the motion it had been over three years since the joinder of issue, we find no error in Supreme Court's ruling.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.