■ JENNIFER RYDER et al., Appellants, v THOMAS KNOPICK, Defendant, and THOMAS SHEREDY et al., Respondents. [674 NYS2d 447] —Cardona, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 21, 1997 in Broome County, which granted a motion by defendants Thomas Sheredy and Thomas Perchinsky to dismiss the complaint against them for failure to prosecute.

Plaintiff Jennifer Ryder (hereinafter plaintiff) was involved in two automobile accidents occurring within a three-month period. On March 20, 1992, the vehicle she was driving was struck by a vehicle driven by defendant Thomas Knopick. On June 1, 1992, the vehicle in which she was riding as a passenger was struck by a vehicle owned by defendant Thomas Perchinsky and driven by defendant Thomas Sheredy (hereinafter collectively referred to as defendants). In March 1995, plaintiff and her husband commenced this personal injury action against Knopick and defendants. In January 1997, however, Knopick filed a petition under chapter 13 of the Federal Bankruptcy Code effectively staying any further proceedings against him during the pendency of the bankruptcy case (*see*, 11 USC § 362 [a] [1]). Nevertheless, in February 1997, defendants served upon plaintiffs a demand pursuant to CPLR 3216 directing them to resume prosecution of the action and to file a note of issue within 90 days of their receipt of the demand. When plaintiffs failed to do so, defendants moved to dismiss the complaint against them for failure to prosecute. Supreme Court granted the motion and this appeal followed.

We affirm. It is well settled that " 'a bankruptcy stay does not prevent a plaintiff from proceeding on causes of action against nonbankrupt defendants, which do not involve the bankrupt's property' " (*Golden v Moscowitz*, 194 AD2d 385, quoting *CenTrust Servs. v Guterman*, 160 AD2d 416, 418; *see, Teachers Ins. & Annuity Assn. v Butler*, 803 F2d 61, 65; *Rosenbaum v Dane & Murphy*, 189 AD2d 760, 761). While an exception to this rule exists where the bankrupt defendant is obli-

gated to indemnify the nondebtor defendants (*see, Murnane Assocs. v Harrison Garage Parking Corp.*, 217 AD2d 1003), that situation is not presented here. Given plaintiffs' failure to demonstrate a justifiable excuse for not responding to the 90-day demand or to address the merits of their causes of action in their papers in opposition to defendants' motion, we find no abuse of discretion and, therefore, Supreme Court's order will not be disturbed (*see, Collins Constr. v Hollis*, 247 AD2d 736; *Hogan v City of Kingston*, 243 AD2d 981, *lv dismissed in part, lv denied in part* 91 NY2d 907).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.