■ LESLEE H. SCHNEIDER, Respondent, v EVAN MELTZER, Appellant. [700 NYS2d 237] —Mikoll, J. Appeal from an order of the

Supreme Court (Rumsey, J.), entered April 26, 1999 in Cortland County, which denied defendant's motion to dismiss the complaint for failure to prosecute.

The sole question presented is whether Supreme Court abused its discretion in denying defendant's motion to dismiss the complaint based on plaintiff's failure to file a note of issue within 90 days of defendant's demand therefor.

Plaintiff commenced this medical malpractice and negligence action on January 29, 1996, and subsequently served an amended complaint which defendant answered in October 1996. Depositions were held in April 1997 and discovery was apparently complete by February 1998. On July 9, 1998 defendant served a 90-day demand pursuant to CPLR 3216 (b) (3). Upon plaintiff's failure to file a note of issue, move to vacate or take any other action within the 90-day period, defendant sought dismissal of the complaint for failure to prosecute. Defendant's motion was adjourned at plaintiff's request and was heard on January 8, 1999, at which time plaintiff was afforded additional time to submit an affidavit from her newly retained expert, upon her counsel's representation that the expert who had previously indicated a willingness to work on the case had since refused. Following receipt of the expert's affidavit, Supreme Court found that although plaintiff's proffered excuse for the delay in filing the notice of issue—the need to obtain a new expert—was "less than compelling, in view of the fact that expert disclosure is often not required until 30 days prior to trial", dismissal was not warranted since the delay was not excessive, there was clearly no intent by plaintiff to abandon the case, the claim was arguably meritorious and no prejudice to defendant ensued. Defendant appeals.

We affirm. We find no abuse of discretion by Supreme Court in denying the motion. To the contrary, in evaluating the adequacy of the proffered excuse for plaintiff's delay, the court properly considered and weighed the appropriate factors, including the history of the case, the extent of the delay, evidence of intent to abandon the case, undue prejudice to defendant and the merits of the underlying claim (see, *King v Jordan*, 243 AD2d 951, 952-953; *Lichter v State of New York*, 198 AD2d 687, 687-688). Defendant's claims to the contrary notwithstanding, there is no parallel between the circumstances of the instant case and those where CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution and lack of any tenable excuse for such delay (see, e.g., *Baczkowski v Collins Constr. Co.*, 89 NY2d 499; *Meade v L. A. Lama*

*Agency*, 260 AD2d 979; *Collins Constr. v Hollis*, 247 AD2d 736; *Hogan v City of Kingston*, 243 AD2d 981).

We also reject defendant's contention that the affidavit of plaintiff's expert, Jack Gorman, was insufficient to establish that plaintiff has a good and meritorious cause of action. Gorman averred that defendant, as a podiatrist, should have ordered a CAT scan or MRI to locate the foreign material in plaintiff's foot rather than doing three separate surgeries, and should have ordered a "culture and sensitivity" test to determine the cause of an infection which persisted from November 1994 to June 1996 and resulted in the prescription of "311 various antibiotics and 95 pain killers". He opined that defendant's treatment of plaintiff fell below the prevailing standard of care required of a podiatrist and that such failure was the proximate cause of plaintiff's injury. These averments, based on Gorman's review of plaintiff's medical records, provided an adequate basis for Supreme Court to conclude that plaintiff had established the existence of a meritorious cause of action (*see, Stuart v Ellis Hosp.*, 198 AD2d 559, 560).

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.