■ FLORENCE KEPPLE, Appellant, v J. HILL ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. BANK OF NEW YORK, Third-Party Defendant-Respondent. [712 NYS2d 405] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated October 8, 1998, as, upon reargument, adhered to a prior order of the same court dated April 27, 1998, granting the defendants' respective motions to dismiss the complaint pursuant to CPLR 3126 for failure to comply with a conditional order of dismissal of the same court (LeVine, J.), dated July 17, 1997.

Ordered that the order is affirmed, with costs.

· As a consequence of the plaintiff's failure to comply with a conditional order of dismissal, that order became absolute (*see, Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415; *Askenazi v Hymil Mfg. Co.,* 263 AD2d 443). To be relieved from the adverse impact of the order of dismissal, the plaintiff had to demonstrate a reasonable excuse for her failure to timely comply with the discovery demands, and the existence of a meritorious cause of action (*see, Barriga v Sapo,* 250 AD2d 795; *Michaud v City of New York,* 242 AD2d 369; *Cobble Hill Nursing Home v Griffo,* 240 AD2d 459). The plaintiff did not meet this burden, and therefore dismissal of the action was proper. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.