OPINION OF THE COURT
William F. O’Brien, III, J.
Defendant presently moves to dismiss the above-named action for failure to prosecute pursuant to CPLR 3216.
Procedural/Factual Background
The underlying action arises from a motor vehicle accident which occurred on February 12, 1999, in the Town of Oneonta, *255 New York. A summons and complaint was filed on February 2, 2001, and issue was joined by the service of an answer and various disclosure demands on May 18, 2002. Depositions were scheduled for late 2001 and eventually adjourned; all depositions were completed by May 15, 2002.
Defendant served a notice to resume prosecution on plaintiffs counsel by mail on June 6, 2002. Plaintiffs counsel failed to respond to the notice within the 90-day demand period and defendant filed the present motion on September 13, 2002. Plaintiffs counsel subsequently filed a response to the present motion and a trial note of issue on November 1, 2002.
Relevant Law/Analysis
CPLR 3216 allows for the discretionary dismissal of an action where: (1) issue has been joined for at least one year, and (2) defendant serves a written notice/demand to resume prosecution. Where plaintiff fails to serve and file a note of issue within 90 days of the service of such a notice/demand, CPLR 3216 (e) states that the court “may * * * grant such motion [for dismissal of the action] unless [plaintiff] shows justifiable cause for the delay and a good and meritorious cause of action.” (Emphasis added.)
The foregoing principles were recognized and reaffirmed by the Court of Appeals in its 1997 decision Baczkowski v Collins Constr. Co. (89 NY2d 499, 503). Under the statute’s plain language, courts do retain some degree of discretion to deny a motion to dismiss for lack of prosecution even where the plaintiff fails to comply with the 90-day requirement and fails to provide a justifiable excuse for the delay in prosecution; such discretion should be “exercised sparingly to honor the balance struck by the generous statutory protections already built into CPLR 3216.” {Id. at 504.)
Here, defendant timely served a notice to resume prosecution and plaintiff failed to respond within 90 days, thus prompting defendant to move for dismissal of the action. Plaintiffs response to the motion contended that a trial note of issue was drafted and signed on April 2, 2001, but was not served on defendant or filed because plaintiffs counsel believed that there were still outstanding disclosure demands. Plaintiffs counsel further served and filed a trial note of issue on November 1, 2002, some 146 days after the notice to resume prosecution was served.
The Third Department has held that proper consideration of an excuse offered to explain delay weighs such factors as the *256 history of the case, the extent of the delay, the evidence of intent to abandon the case, prejudice to the defense and the merits of the underlying claim. (Schneider v Meltzer, 266 AD2d 801, 802 [3d Dept 1999].) As proof of the merit of her case, plaintiff has submitted deposition testimony contending that the underlying automobile accident was caused, at least in part, by the presence of defendant’s vehicle in plaintiffs lane of travel.
Additionally, the case is not yet even two years old and does not show a history of delay on the part of the plaintiff. In fact, defendant’s notice to resume prosecution was filed just three weeks after depositions were completed. Although plaintiff’s proffered excuse that he believed that there was discovery to be completed is not sufficient to justify ignoring the notice to resume prosecution, it is noteworthy that all discovery now appears complete and that plaintiffs filing of a trial note of issue came just 55 days after the expiration of the notice to resume prosecution. The minor delay occasioned by plaintiffs unavailability to attend a scheduled deposition cannot be said to indicate an intent to abandon the case.
In light of plaintiffs showing that the case has some merit, the relatively short case history and the lack of evidence that plaintiff had abandoned the case or that defendant has been in any way prejudiced by the delay in prosecuting the case, defendant’s motion to dismiss the action for failure to prosecute is denied.