■ SUSAN ALAIMO et al., Individually and as Parents and Guardians of MINETTE ALAIMO, an Infant, Respondents, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Doing Business as GEICO, Appellant. [758 NYS2d 186] —Mercure, J.P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered October 11, 2002 in Sullivan County, which denied defendant's motion to dismiss the complaint for failure to prosecute.

Plaintiffs commenced this action to recover no-fault insurance benefits by filing of a summons with notice in July 1997. Plaintiffs served a verified complaint on defendant in September 1997; issue was joined in November 1997; and plaintiffs served a bill of particulars in March 1998. Other than an application by plaintiffs' attorney to be relieved as counsel, which was granted in October 2001, there has been no meaningful activity on the case since service of the bill of particulars.

In December 2001, defendant served plaintiffs with notice pursuant to CPLR 3216 (b) (3) demanding that plaintiffs resume prosecution of the action and file a note of issue within 90 days. Defendant's 90-day notice was due to expire on March 26, 2002. On January 26, 2002, Supreme Court separately served a CPLR 3216 notice on plaintiffs demanding that they serve and file a note of issue by April 26, 2002. On March 25, 2002, plaintiffs requested that they be given an extension of 90 days within which to file their note of issue. Supreme Court denied the request and, although it referred to defendant's ©PLR 3216 demand, the court informed plaintiffs that they "should file the note of issue by the April deadline to prevent the consequences of failure to prosecute." On April 9, 2002, after the expiration of its demand, defendant moved to dismiss the complaint pursuant to CPLR 3216 (e). Plaintiffs filed a note of issue on April 22, 2002. Supreme Court denied defendant's motion and defendant now appeals.

We affirm. When a plaintiff fails to comply with a 90-day

demand notice, the court may dismiss for failure to prosecute "unless the * * * party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; *see Bage v Wastestream, Inc.*, 250 AD2d 958, 959 [1998]). In opposition to defendant's motion, plaintiffs submitted a letter to Supreme Court explaining that they filed the note of issue in accordance with the court's letter directing them to file before April 26, 2002. We agree with Supreme Court that plaintiffs'. explanation provided a justifiable excuse because, as the court acknowledged, its letter may have caused the pro se plaintiffs some confusion with respect to their filing deadline (*cf. Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504 [1997]; *Central School Dist. No. 1 of Towns of Malone, Bangor, Burke, Constable, Bellmont, Westville, Brandon, Duane & Franklin v Perfetto & Whalen Constr. Corp.*, 79 AD2d 755, 756 [1980], *affd* 53 NY2d 1034 [1981]). Inasmuch as plaintiffs provided a justifiable excuse and their complaint and bill of particulars are sufficient to demonstrate a meritorious claim (*see Salch v Paratore*, 60 NY2d 851, 852-853 [1983]), Supreme Court properly denied the motion to dismiss.

Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.