■ GREGORY MISSOS, Appellant, v GENERAL MOTORS CORPORATION, Respondent and Third-Party Plaintiff. KITE PAINTING COMPANY, INC., Third-Party Defendant-Respondent. [817 NYS2d 60]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about June 9, 2005, which granted defendant's motion to dismiss the action for want of prosecution, unanimously affirmed, without costs.

Defendant served a 90-day notice on December 20, 2003 and moved to dismiss 10 months later on October 21, 2004. Plaintiff's attorney states that he attempted to file a note of issue in February 2004 but was told by the Clerk that he needed a stipulation or court order restoring the case to a calendar from which it had been stricken, apparently by mistake, in September 1998 (it is not clear what rule of court the Clerk was enforcing). It appears that plaintiff's attorney had been attempting to obtain precisely such a stipulation since April 1999, but his many requests therefor were ignored by third-party defendant's attorney, and that in November 2002 the latter finally advised the former in no uncertain terms that he was not going to sign such a stipulation. No reason is given why, if plaintiff needed a stipulation or court order of some kind, and third-party defendant was refusing the stipulation, a court order was not sought. The action, which seeks damages for personal injuries sustained in a 1989 accident, bears a 1992 index number and a 1997 third-party action index number, and has had no meaningful activity since 1999, should be dismissed for neglect to prosecute (CPLR 3216; *see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504-505 [1997]). We note that plaintiff's opposition papers do not contain an affidavit of merit (CPLR 3216 [e]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.