OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
The court below providently exercised its discretion in dismissing the complaint for lack of prosecution upon defendant’s motion pursuant to CPLR 3216.
Had plaintiff simply filed the notice of trial in a timely fashion in response to defendant’s CPLR 3216 90-day written demand, his utter neglect of the matter over the preceding six years would have been excused. Instead of doing so, or immediately investigating (as he arguably should have done years earlier) why the matter had not been placed on the Civil Court trial calendar (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.15) after the order transferring it to Civil Court pursuant to CPLR 325 (d) had been entered, plaintiff insisted that he was entitled to rely upon the filing of his note of issue in Supreme Court, despite the obviously excessive length of time that elapsed without the case coming on for trial following its putative transfer.
Whether Supreme Court acted properly in striking the note of issue prior to transfer is not within the ambit of this court’s review. Pertinent hereto is that this action returned the case to pre-note of issue status (see Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805 [2006]), and plaintiff failed to either determine that this had occurred or to act to remedy this situation for some six years. Rather, plaintiff allowed the action to lie fallow.
Plaintiffs lateness in filing the notice of trial in Civil Court pursuant to the CPLR 3216 90-day written demand subjected his handling of the case, with all the prior delays, to scrutiny (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]), and required that he show both a meritorious cause of action and a reasonable excuse for the failure to timely file the notice of trial (id., citing Sortino v Fisher, 20 AD2d 25, 28-32 [1963]). *113 Although the court has discretion to deny a CPLR 3216 motion to dismiss even upon an untimely notice of trial filing, such discretion is to be exercised with caution, in order that CPLR 3216 not be effectively eviscerated (Baczkowski v Collins Constr. Co., 89 NY2d at 504-505). No factors that would support such an exercise of discretion have been established in this matter (see e.g. Missos v General Motors Corp., 30 AD3d 303 [2006]).
In view of plaintiffs prior course of conduct in the action, or lack thereof, the court below properly held that plaintiffs stated excuse of six years of reliance on the prior note of issue filing did not constitute a reasonable excuse for failing to timely file the notice of trial (id.; see also Phil Collins Constr. v Hollis, 247 AD2d 736 [1998]; Hogan v City of Kingston, 243 AD2d 981 [1997]). Moreover, the court properly held that the grant of summary judgment to plaintiff on liability, cited by plaintiff as evidence of a meritorious cause of action, was insufficient for this purpose. The sole issue remaining for trial was damages, and a finding of liability does not establish the existence of damages in a negligence action. Indeed, in this motor vehicle accident-related personal injury case, to establish a meritorious cause of action on the issue of damages, plaintiff had to show serious injury pursuant to Insurance Law § 5102 (d), which cannot be done through mere submission of a bill of particulars (see Berktas v McMillian, 40 AD3d 563 [2007]; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]).
Pesce, PJ., Rios and Belen, JJ., concur.