In the Matter of GARY R. BENJAMIN, Appellant, v MICHELLE C. BENJAMIN, Respondent. (And Another Related Proceeding.) [851 NYS2d 305]—

Kane, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered October 26, 2006, which dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior custody order.

Petitioner (hereinafter the father) and respondent (hereinafter the mother), the married parents of two sons (born in 1999 and 2000), separated in December 2004. In October 2005, they stipulated to an order of joint custody, primary placement with the mother and parenting time with the father on alternate weekends, one or two overnights during the week and after school until 7:00 P.M. on most school days. At the time, the mother was working weekdays from 3:00 P.M. until midnight and the father was unemployed. In January 2006, the mother began working from 10 P.M. until 6:30 A.M. Based upon this new work schedule, the parties informally agreed to deviate from the court order so that the children were with the mother most weekdays after school until 7:00 P.M. and spent the night with the father. After some initial proceedings, the father filed a petition seeking sole custody and the mother cross-petitioned for sole custody. Following a hearing, Family Court denied the father's petition and granted the mother's petition, providing the father with access every other weekend and one afternoon per week. The father appeals.

Family Court did not err in modifying custody. Both parties agree that the mother's changed work schedule constitutes a change in circumstances requiring modification. Record evidence supports the parties' allegations that joint custody is inappropriate, as the parties do not communicate well nor work together to parent the children (*see Matter of Maliha v Maliha,*

13 AD3d 1032, 1033 [2004]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985 [2003]).

The mother was the primary caretaker of the children while the parties were together. During the parties' marriage, the father engaged in a five-year affair, culminating in the birth of a child with his paramour. This event, coupled with the father's lack of financial support, controlling behavior, verbal degradation of the mother and instances where he shoved her and threw objects at her, resulted in the separation of the parties when the mother sought refuge in a domestic violence shelter (*see* Domestic Relations Law § 240 [1] [a]; *Matter of Rodriguez v Guerra*, 28 AD3d 775, 776-777 [2006]).

After the parties' separation, the mother obtained gainful employment and has sacrificed quality time with the children by working odd shifts to provide them with financial support. Not only has the father failed to support his children, he inappropriately claimed the children as dependents on his own tax return without informing the mother, thereby further depriving his children of financial support (*see Matter of Conforti v Conforti*, 46 AD3d 877, 878 [2007]; *Matter of Grayson v Fenton*, 13 AD3d 914, 916 [2004]). This conduct is made more egregious by the fact that the father has not been gainfully employed since five months before the parties' separation. The father has been inflexible in arranging parenting time for the mother to accommodate her work schedule and he did not always provide her with information from the children's school (*see Matter of Nicotera v Nicotera*, 222 AD2d 892, 893-894 [1995]).

Finally, the father's behavior with other youths causes concern about his suitability to be a custodian (*see Matter of Vernon Mc. v Brenda N.*, 196 AD2d 823, 826 [1993]). He was convicted of rape in the third degree for engaging in sexual intercourse with a 16-year-old neighbor when he was 30 years old (*see Matter of Parkhurst v McFall*, 1 AD3d 78, 82 [2003]). Additionally, during the marriage he inappropriately solicited the mother's younger sister for sex. Giving deference to Family Court's credibility determinations which found the father less than credible, the record provides a sound and substantial basis for the court's determination that granting sole custody to the mother was in the children's best interests (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Storch v Storch*, 282 AD2d 845, 846 [2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Thompson v Thompson*, 267 AD2d 516, 517-518 [1999]).

The father received a fair hearing. He moved for recusal based upon an alleged lawsuit he filed against the judge in the Court of Claims. Family Court appropriately denied the motion as the

judge was never served, was unaware of the claim and there is no proof that any claim was filed (*see Matter of Khan v Dolly*, 39 AD3d 649, 650-651 [2007]). Because the decision is supported by the record evidence, we find the father's allegations of judicial bias unfounded (*see State Div. of Human Rights v Merchants Mut. Ins. Co.*, 59 AD2d 1054, 1056 [1977]). Admission of proof regarding the father's prior conviction of rape in the third degree was relevant to his credibility and his conduct toward children (*see Matter of Lopez v Robinson*, 25 AD3d 1034, 1037 [2006]). References in the court decision to the father as a rapist and sexual offender were not personal attacks, but factual statements relevant to his suitability as a custodian of his children.

The father did not object to Family Court conducting a *Lincoln* hearing of his older son from another relationship, or the court taking judicial notice of its prior orders and proceedings, thereby failing to preserve these contentions for appellate review (*see Matter of Damian M.*, 41 AD3d 600, 600 [2007]; *Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1332 [2005], *lv denied* 6 NY3d 705 [2006]). In any event, the court may appropriately take judicial notice of its own prior proceedings (*see Matter of Anjoulic J.*, 18 AD3d 984, 986 [2005]). Although the court should not have relied upon any evidence from the *Lincoln* hearing without in some way checking its accuracy during an open hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]), we deem the court's reliance on the small amount of uncorroborated information here to be harmless error when considering the sufficient properly admitted evidence which supports the custodial determination (*see Matter of Tompkins v Holmes*, 27 AD3d 846, 847 [2006]).

The father received the effective assistance of counsel at the hearing. Counsel presented evidence, thoroughly cross-examined the mother, made many meaningful objections and advocated on the father's behalf (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.