■ In the Matter of ELIZABETH VASQUEZ, Appellant, v SHAUN BARFIELD, Respondent. [917 NYS2d 468]—

Appeal from an order of the Family Court, Onondaga County (David J. Roman, J.H.O.), entered January 4, 2010 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition for modification of visitation and granted the cross petition in part by awarding the parties joint custody.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the cross petition seeking joint custody of the parties' child and as modified the order is affirmed without costs.

Memorandum: In this proceeding under Family Court Act article 6, petitioner mother appeals from an order that, inter alia, denied her petition seeking to modify a prior order of custody and visitation by ordering supervised visitation with respondent father and granted that part of the father's cross petition seeking, inter alia, to modify the prior order pursuant to which the mother had sole custody of the child by awarding the parties joint custody. Contrary to the mother's contention, Family Court did not abuse its discretion in determining that supervision of the father's visitation was not warranted. "The determination of whether visitation should be supervised is a matter 'left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it' " (*Matter of Taylor v Fry*, 47 AD3d 1130, 1131 [2008]). Here, the mother failed to establish that supervised visitation is in the child's best interests inasmuch as the allegations against the father in her petition were entirely

unsubstantiated (*cf. id.*). Insofar as the mother challenges that portion of the order altering the father's visitation schedule, we conclude that such alteration was properly ordered " 'upon a showing of a change in circumstances which reflect[ed] a real need for change to ensure the best interest[s] of the child' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225 [2006]). The record establishes that a change in the father's work schedule prevented him from exercising his visitation rights as set forth in the prior custody and visitation order (*see id.*; *see also Matter of Benjamin v Benjamin*, 48 AD3d 912 [2008]).

We agree with the mother, however, that the court erred in granting that part of the father's cross petition seeking joint custody of the parties' child, and we therefore modify the order accordingly. "Joint custody should not be imposed on embattled and embittered parents who appear unable to put aside their differences for the benefit of the child" (*Matter of Lance C. v Buffy E.*, 227 AD2d 903, 904 [1996]; *see Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). Here, joint custody is not appropriate in view of the parties' acrimonious relationship and failure to cooperate with each other (*see Wideman v Wideman*, 38 AD3d 1318, 1319 [2007]). Present—Centra, J.P., Fahey, Peradotto, Sconiers and Gorski, JJ.