# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

65

CAF 10-00256

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF ELIZABETH VASQUEZ,
PETITIONER-APPELLANT,

V                                                     MEMORANDUM AND ORDER

SHAUN BARFIELD, RESPONDENT-RESPONDENT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONER-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

KELLY M. CORBETT, ATTORNEY FOR THE CHILD, FAYETTEVILLE, FOR SHAUN
I.B., JR.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (David
J. Roman, J.H.O.), entered January 4, 2010 in a proceeding pursuant to
Family Court Act article 6.  The order, inter alia, denied the
petition for modification of visitation and granted the cross petition
in part by awarding the parties joint custody.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the cross
petition seeking joint custody of the parties' child and as modified
the order is affirmed without costs.

Memorandum:  In this proceeding under Family Court Act article 6,
petitioner mother appeals from an order that, inter alia, denied her
petition seeking to modify a prior order of custody and visitation by
ordering supervised visitation with respondent father and granted that
part of the father's cross petition seeking, inter alia, to modify the
prior order pursuant to which the mother had sole custody of the child
by awarding the parties joint custody.  Contrary to the mother's
contention, Family Court did not abuse its discretion in determining
that supervision of the father's visitation was not warranted.  "The
determination of whether visitation should be supervised is a matter
'left to Family Court's sound discretion and it will not be disturbed
as long as there is a sound and substantial basis in the record to
support it' " (*Matter of Taylor v Fry*, 47 AD3d 1130, 1131).  Here, the
mother failed to establish that supervised visitation is in the
child's best interests inasmuch as the allegations against the father
in her petition were entirely unsubstantiated (*cf. id.*).  Insofar as
the mother challenges that portion of the order altering the father's
visitation schedule, we conclude that such alteration was properly

ordered " 'upon a showing of a change in circumstances which reflect[ed] a real need for change to ensure the best interest[s] of the child' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225). The record establishes that a change in the father's work schedule prevented him from exercising his visitation rights as set forth in the prior custody and visitation order (*see id.; see also Matter of Benjamin v Benjamin*, 48 AD3d 912).

We agree with the mother, however, that the court erred in granting that part of the father's cross petition seeking joint custody of the parties' child, and we therefore modify the order accordingly. "Joint custody should not be imposed on embattled and embittered parents who appear unable to put aside their differences for the benefit of the child" (*Matter of Lance C. v Buffy E.*, 227 AD2d 903, 904; *see Braiman v Braiman*, 44 NY2d 584, 589-590). Here, joint custody is not appropriate in view of the parties' acrimonious relationship and failure to cooperate with each other (*see Wideman v Wideman*, 38 AD3d 1318, 1319).

Entered: February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court