| Ambrose v City Univ. Constr. Fund |
|:---:|
| **Ambrose v City Univ. Constr. Fund** |
| 2026 NY Slip Op 30994(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 162316/2019 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. LESLIE A. STROTH**                     PART                 **12M**

*Justice*

-------------------------------------------------------------------------X

GREGORY AMBROSE,

                           Plaintiff,

                  - v -

CITY UNIVERSITY CONSTRUCTION FUND, MEMORIAL
SLOAN KETTERING CANCER CENTER, MEMORIAL
HOSPITAL FOR CANCER AND ALLIED DISEASES,
TURNER CONSTRUCTION COMPANY,

                           Defendant.

-------------------------------------------------------------------------X

CITY UNIVERSITY CONSTRUCTION FUND, MEMORIAL
SLOAN KETTERING CANCER CENTER, MEMORIAL
HOSPITAL FOR CANCER AND ALLIED DISEASES, TURNER
CONSTRUCTION COMPANY

                           Plaintiff,

                  -against-

B&G INDUSTRIES LTD, D/B/A AS B&G ELECTRICAL
CONTRACTORS OF NEW YORK

                           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162316/2019 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 001 002 |

**AMENDED
DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595797/2020

The following e-filed documents, listed by NYSCEF document number (Motion 001) 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 95, 102, 104, 105, 106, 107, 108, 109

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 90, 91, 92, 93, 94, 97, 98, 99, 100, 101

were read on this motion to/for          JUDGMENT - SUMMARY          .

Plaintiff commenced this action for injuries allegedly sustained on October 29, 2018 at

the building of a new ambulatory care center for Memorial Sloane Kettering Cancer Center when

he stepped out of an elevator and fell due to an elevation differential between the elevator and

the floor. Defendants Memorial Sloane Kettering Cancer Center and Memorial Hospital for Cancer and Allied Diseases were the owners of the location where the incident occurred. Defendant Memorial Sloane Kettering Cancer Center retained defendant Turner Construction Company to provide services at the construction site. Defendant Turner retained third-party defendant B&G Electrical Contractors of New York to provide telecommunications work on the construction site.

Defendants City University Construction Fund, Memorial Sloane Kettering Cancer Center, Memorial Hospital for Cancer and Allied Diseases and Turner Construction Company move for summary judgment dismissing the complaint and all counterclaims, as well as for summary judgment on liability against third-party defendant B&G Industries on their third cause of action for contractual indemnification in their third-party complaint (Motion #001). Third-party defendant B&G also moves for summary judgment, dismissing the third-party complaint (Motion #002).

As to motion #001 by defendants for summary judgment, the Court is first dismissing plaintiff's claim under Labor Law §241(6), since plaintiff concedes in his opposition that this provision is not implicated in this case. Next, Labor Law §240(1) states "All contractors and owners and their agents…in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

162316/2019  AMBROSE, GREGORY vs. CITY UNIVERSITY CONSTRUCTION
Motion No.  001 002

Page 2 of 8

2 of 8

The statute imposes absolute liability upon owners, contractors, and their agents where a breach of this statutory duty proximately causes an injury. *See Gordon v Eastern Railway Supply, Inc.*, 82 NY2d 555, 559 (1993).

Defendants argues, *inter alia*, that plaintiff's accident did not involve a device constructed to provide worker protection which was defective and that plaintiff was not exposed to a significant elevation-related risk under Labor Law 240(1) as a result of the absence of a ramp outside the elevator door, between the elevator and the floor. According to defendants, the ramp that plaintiff states was missing was not designed to provide access to different levels of the work site and was not the functional equivalent of a ladder since the purpose of placing ramps in front of elevator doors was for "material handling". However, Brian Lausten, superintendent for Turner Construction, testified that ramps were typically placed on the slab floors in front of the elevator throughout the jobsite for moving personnel and materials, and that although not the main purpose, a purpose for the platforms was to provide safety function to workers going into and out of the elevators (Exh J, p 30-31).

As to the height differential, there is "no bright-line minimum height differential that determines whether an elevation hazard exists" (*Marte v. Tishman Constr. Corp.*, 223 A.D.3d 527 (1st Dept 2024)). The *Marte* court "upheld a finding of liability in favor of a worker carrying wood planks when he fell through an opening in a latticework rebar deck to a plywood form 12 to 18 inches below" (Id). In the instant action, plaintiff testified that the distance between the elevator and the floor outside the door was between six inches to one foot (Exh H, p 20). "Defendants fail to show as a matter of law that plaintiff was not faced with the special elevation risks contemplated by the statute" (Id).

162316/2019 AMBROSE, GREGORY vs. CITY UNIVERSITY CONSTRUCTION
Motion No. 001 002

Page 3 of 8

[* 3]

The Court is also unpersuaded by defendants argument that plaintiff's accident occurred prior to receiving his work assignment. In *Hoyos v. NY-1095 Ave. of the Americas, LLC*, 156 A.D.3d 491 (1st Dept 2017), the Court held that "[a]lthough the owner seeks to remove plaintiff from the protections of Labor Law §240(1), on the basis that plaintiff was not "working" at the time of the accident and he was in street clothes, those facts do not dictate whether an injury is within or without the protections of the Scaffold Law. This is not a situation where the plaintiff was injured after he had already completed an enumerated activity, nor is it a situation where the task was not an enumerated activity, or even if it was, that it had not yet commenced". "There is no merit to [defendants'] contention that plaintiff was not actually engaged in work involving a gravity-related risk at the time of the accident so as to come within the protection of Labor Law §240(1)" (*O'Connor v. Lincoln Metrocenter Partners, L.P.*, 266 A.D.2d 60 (1st Dept 1999)). Considering the foregoing, defendants summary judgment motion to dismiss Labor Law 240(1) is denied.

Turning to plaintiff's Labor Law §200 claim, this section codifies the common law duty of an owner to provide construction workers with a safe place to work (*See Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876, 877 (1993)). Labor Law §200 and common law claims fall under two categories: "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 133-144 (1st Dept 2012)). Under the first group, the owner had to have either created the condition or have actual or constructive notice of it (*Id* at 144).

162316/2019  AMBROSE, GREGORY vs. CITY UNIVERSITY CONSTRUCTION
Motion No. 001 002

Page 4 of 8

4 of 8

[* 4]

According to the Turner Incident Investigation Report (Exh 1), "Craftsperson states they were on a public elevator when they stepped off on the 4th floor… Upon investigation, it revealed the ramp from the elevator to the slab was removed in order for the floor to be installed creating a small elevation change." Such statement implicates the possibility that Turner was on notice that the ramp was removed. Thus, defendants' motion for summary judgment is denied as to Labor Law §200 and common law negligence.

As to defendants' motion for summary judgment on liability against third-party defendant B&G Industries on their third cause of action for contractual indemnification in their third-party complaint and all counterclaims, it is well-established that a party cannot be indemnified for their own negligence, and contractual indemnification clauses are to be enforced only when the "intention to indemnify can be clearly implied from the language and purpose of the entire agreement, and the surrounding facts and circumstances" (*See Masciotta v Morse Diesel Int'l, Inc.*, 303 A.D.2d 309 (1st Dept 2003). "In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Correia v. Pro. Data Mgmt., Inc.*, 259 A.D.2d 60 (1st Dept 1999)).

As to common-law indemnification, the one seeking indemnity must prove "…not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence" (*See Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483 (1st Dept 2010). Similarly, contribution is only available where tortfeasors combine to cause an injury (*Godoy v Alabaster of Miami*, 302 AD2d 57 (2d Dept 2003). Given what the Court has previously noted regarding the removal of the ramp, the Court

finds that various issues of fact exist as to whether defendants were free from negligence. Thus, defendants' motion for summary judgment on contractual indemnification and dismissal of all counterclaims is denied on this basis. Finally, on B&G's third-party counterclaims asserting that "the instant action is 'frivolous' within the meaning of CPLR §8303-a and Part 130-1 of the Rules of the Chief Administrator", since B&G failed to address the proposed dismissal of these counterclaims in their opposition papers, they are hereby dismissed.

As to motion #002 by third-party defendant B&G for summary judgment, the Court first notes that B&G failed to address in its reply defendants' argument that the Workers' Compensation Law does not bar defendants' cause of action sounding in contractual indemnification based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant asserting the cause of action (see WCL §11). However, as defendants' asserted in opposition, B&G failed to demonstrate any indemnification provisions in the subject subcontract that requires proof of negligence on the part of B&G before indemnification will be allowed.

For example, according to the subcontract between the parties [NYSCEF Docket No. 87, Article XXIII]: "The Subcontractor [B&G] hereby assumes the entire responsibility and liability for any and all actual or potential damage or injury of any kind or nature whatsoever… to all persons and entities, whether employees of the Subcontractor … caused by, resulting from, arising out of or occurring in connection with the execution of the Work, or in preparation for the Work, or any extension, modification, or amendment to the Work…"

The Court also finds B&G's argument that GOL §5-322.1 bars contractual indemnity unavailing. "The case law makes it plain that GOL § 5–322.1 only prohibits enforcement of a

162316/2019 AMBROSE, GREGORY vs. CITY UNIVERSITY CONSTRUCTION
Motion No. 001 002

Page 6 of 8

6 of 8

[* 6]

contractual indemnification clause if the party seeking indemnification was negligent, or had the authority to supervise, direct, or control the manner of the work that caused the injury, and that provisions that contain limiting language, such as to the fullest extent permitted by law, do not run afoul of GOL § 5–322.1" (*Atiencia v. MBBCO II, LLC*, 17 Misc. 3d 1138(A) (Sup. Ct. 2007). The Court cites also to *Jackson v. City of New York*, 38 A.D.3d 324 (1st Dept 2007), which held that the contractual indemnification provision asserted by the third-party plaintiff is not voided by operation of General Obligations Law § 5–322.1, since the provision contains the requisite language limiting the subcontractor's obligation to that permitted by law.

As to the defendants' claim against B&G for breach of contract for failure to procure insurance, "a certificate of insurance is merely evidence of a contract for insurance, not conclusive proof that the contract exists, and not, in and of itself, a contract to insure" (*Horn Maint. Corp. v. Aetna Cas. & Sur. Co.*, 225 A.D.2d 443 (1st Dept 1996)). Considering all of the foregoing, third-party defendant B&G's motion is denied in its entirety.

Accordingly, it is hereby

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's claims under Labor Law §241(6) is granted; and it is further

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's claims under Labor Law §240(1) is denied; and it is further

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's claims under Labor Law §200 and common law negligence is denied; and it is further

ORDERED that Defendants' motion for summary judgment dismissing counterclaims for contractual indemnification is granted; and it is further

ORDERED that Defendants' motion for summary judgment dismissing third-party counterclaims is granted; and it is further

ORDERED that Third Party Defendant B&G Industries LTD motion for summary judgment is denied in its entirety;

The foregoing constitutes the decision and order of the Court.

| 3/18/2026 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | HON. LESLIE A. STROTH **J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**162316/2019  AMBROSE, GREGORY vs. CITY UNIVERSITY CONSTRUCTION**
**Motion No.  001 002**

Page 8 of 8

8 of 8