■ MARINE BANK, Appellant, v G. READ WOODWORTH et al., Respondents.—

Defendants also contended that they were released from their guarantee because the bank negligently failed to compel Kelly, a stockholder of the corporation, to comply with his agreement to make a capital contribution to the corporation. Defendants contended that the guarantee by defendants was predicated upon the making of that contribution. Supreme Court improperly concluded that these contentions raise issues of fact for determination by a jury.

Defendants submitted no facts showing that plaintiff improperly involved itself in the affairs of the corporation to the detriment of defendants. Defendants, as guarantors of the debt of the bankrupt corporation, were not relieved from liability as a result of the proceeding under the Bankruptcy Code, even though plaintiff, the party guaranteed, participated in the bankruptcy proceeding *(see, Union Trust Co. v Willsea,* 275 NY 164, 167-168).

The fact that plaintiff did not compel Kelly, a stockholder of the corporation, to make a capital contribution in accordance with his agreement did not relieve defendants from their liability upon the guarantee. Neither the note nor the written guarantee contained any conditions and defendants submitted no evidence in admissible form that the guarantee was conditioned upon Kelly's contribution. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.