■ MILLIKEN & COMPANY, Appellant, v ROBERT STEWART et al., Respondents.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered December 13, 1991, which granted defendants' motion to stay the action, without requiring the posting of a bond, pending the determination of an arbitration proceeding brought by Bass Textiles, Inc. against the plaintiff, and which denied plaintiff's motion for summary judgment, unanimously reversed, on the law and the facts, and in the exercise of discretion with costs, defendants' motion for a stay of proceedings is denied, the plaintiff's motion for summary judgment on the first cause of action is granted and the matter is remanded for further proceedings.

Defendants, shareholders and founders of Bass Textiles, Inc. (Bass), each executed guarantees of payment in connection with various contracts for the purchase, by Bass, of specially made fabric from the plaintiff. By their terms the guarantees recited *inter alia,* that they were "primary and unconditional" and were made "without regard to any offset, defense or counterclaim of [Bass Textiles, Inc.]". The various contracts entered into by Bass and the plaintiff contained an arbitration clause and stated, *inter alia,* that the fabric would be paid for without offset, defense or counterclaim, and that plaintiff had the right to finish manufacturing the fabric regardless of a breach by Bass.

A dispute arose between Bass Textiles and the plaintiff concerning plaintiff's breach of, what is known in the textile industry as, a "confinement agreement". The agreement, which defendants maintain is never in writing, but is the custom and usage in the industry, provides that plaintiff was enjoined from showing any of the fabric ordered under the contracts, whether purchased or rejected by Bass, to Bass

competitors for a period of three months after plaintiff began selling the fabric to Bass. There is no reference to such "confinement agreement" in any of the contracts executed by the parties. However plaintiff does not deny that it showed the fabric to a Bass competitor, and then offered to extend the period of the confinement agreement to twelve months.

Bass cancelled the outstanding contracts and deducted, from the amounts owed to plaintiff for fabric already received, the cost of developing the special fabric. Defendants maintain that Bass cancelled the contracts in October 1990, and plaintiff maintains that the contracts were not cancelled until December of 1990, at which time it had already completed the manufacture of all of the fabric required under the various contracts executed by the parties. Plaintiff had invoiced Bass for $621,098 by the end of December 1990, and notified Bass that it intended to mitigate its damages by selling the fabric it was holding for Bass' account. While plaintiff was able to sell the fabric, it received less then the contract price.

Plaintiff commenced this action in September 1991 against the defendants based upon the guarantees seeking $143,423.59, of which, $29,356.90 represented the unauthorized deductions and $114,066.69 represented the difference between the contract price and the price actually received for the fabric. Bass commenced an arbitration proceeding against the plaintiff in which it sought a declaration that it had properly cancelled the contract. At approximately the same time defendants' motion to stay this action and plaintiff's motion for summary judgment were made, a petition was filed to place Bass into involuntary bankruptcy pursuant to chapter 7 of the Federal Bankruptcy Code (11 USC).

Defendants, as guarantors of the debt of a corporation against which a proceeding has been commenced under the Bankruptcy Code, are not relieved from liability *(Marine Bank v Woodworth,* 158 AD2d 953, 954), nor is plaintiff prevented from proceeding against the non-bankrupt individual defendant guarantors by the bankruptcy stay *(Credit Alliance Corp. v Williams,* 851 F2d 119 [4th Cir]; *In re Larmar Estates,* 5 Bankr 328 [ED NY]).

Where a guarantee states that it is primary and unconditional and binds the guarantor to pay immediately upon the default of the debtor, it is considered to be a guarantee of payment *(Federal Deposit Ins. Corp. v Schwartz,* 78 AD2d 867, 868, *affd* 55 NY2d 702), and upon default the creditor may proceed directly against the guarantor in the first instance

*(European Am. Bank & Trust Co. v Boyd,* 131 AD2d 629, 630, citing *Federal Deposit Ins. Corp. v Schwartz, supra;* 57 NY Jur, Suretyship and Guaranty, § 21). The guarantees executed by the defendants herein also provided that defendants would pay plaintiff without recourse by plaintiff to its remedies against Bass, and "without regard to any offset, defense or counterclaim of [Bass] however arising". This waiver of any right to assert Bass' defenses renders the ongoing arbitration, between Bass and the plaintiff, which is based on Bass' claim of breach of contract by the plaintiff, irrelevant to this proceeding *(see, Rusch Factors v Sheffler,* 58 AD2d 557). Furthermore, it is well settled that the court may grant an injunction against proceeding in one action, pending resolution of another, only where there is complete identity of parties, cause of action and remedy *(Hope's Windows v Albro Metal Prods. Corp.,* 93 AD2d 711). Such is not the case herein.

Plaintiff is entitled to summary judgment on its first cause of action as defendants' liability is clear as a matter of law. Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.