[619 NYS2d 890]

Central Buffalo Project Corporation, Appellant, v Edison Brothers Stores, Inc., et al., Respondents.

Fourth Department, November 16, 1994

## APPEARANCES OF COUNSEL

*Falk & Siemer,* Buffalo *(Stephen F. Szymoniak* of counsel), for appellant.

*Mattar & D'Agostino,* Buffalo *(Jonathan Schapp* of counsel), for respondents.

## OPINION OF THE COURT

BALIO, J.

Plaintiff, the owner of a commercial mall in downtown Buffalo, leased space in the mall to EBS-Gussini, Inc. Payment of rent and other charges due under that lease was guaranteed by defendant Edison Brothers Stores, Inc. (Edison Brothers). The guaranty provides it is "absolute and unconditional" and that the liability of the guarantor "shall in no way be affected, modified or diminished by reason of any assignment by tenant * * * or by reason of any bankruptcy * * * affecting tenant". The lease was assigned to Edison Brothers Apparel Stores, Inc. (Edison Apparel) in 1987. On October 11, 1989, Edison Apparel assigned the lease to Morse Shoes, Inc. (Morse Shoes). The assignment to Morse Shoes provides that, "notwithstanding anything in this assignment, [Edison Apparel] shall remain liable to the Landlord under the Lease." The assignment also includes mutual indemnification provisions whereby Edison Apparel and Morse Shoes each agreed to indemnify the other essentially for a breach of the assignment or of obligations each assumed under the lease.

Morse Shoes breached the lease by failing to pay rent beginning January 1, 1991 and later that month, filed for protection under chapter 11 of the Bankruptcy Code. Plaintiff, the landlord, commenced this action against Edison Brothers, the guarantor, and Edison Apparel, an assignee of the lease, to recover unpaid rent and other charges due under the lease. Plaintiff appeals from an order granting defendants' cross motion for a stay of further proceedings in this action pursuant to section 362 of the Bankruptcy Code (11 USC § 362). Plaintiff contends that the automatic stay provision of that

section, and specifically subdivision (a) (1), does not apply to an action commenced against nondebtor defendants.

■ It is well settled that the automatic stay provisions of section 362 (a) (1) of the Bankruptcy Code (11 USC § 362 [a] [1]) do not apply to nondebtor defendants *(Teachers Ins. & Annuity Assn. v Butler,* 803 F2d 61, 65; *Robins Co. v Piccinin,* 788 F2d 994, 999, *cert denied* 479 US 876). An exception to that general rule has been recognized by some courts where unusual circumstances prevail, such as an obligation by the bankrupt to indemnify the nondebtor defendant *(see, e.g., Robins Co. v Piccinin, supra,* at 999). Defendants contend that the mutual obligations of Edison Apparel and Morse Shoes, the bankrupt, to indemnify each other pursuant to the lease assignment constitute unusual circumstances warranting application of that exception. We disagree.

There is no indemnification agreement between Morse Shoes and defendant Edison Brothers. Plaintiff has sued Edison Brothers on its guaranty, and it is settled law that Edison Brothers' status as guarantor is not an unusual circumstance justifying the imposition of the automatic stay pursuant to section 362 (a) (1) *(see, Rosenbaum v Dane & Murphy,* 189 AD2d 760, 761; *Milliken & Co. v Stewart,* 182 AD2d 385, 386; *Marine Bank v Woodworth,* 158 AD2d 953, 954; *see also, Credit Alliance Corp. v Williams,* 851 F2d 119).

The unusual circumstances exception also does not apply where, as here, the liability of the indemnitee to the creditor is independent of the indemnitee's relationship to the bankrupt *(see, Oklahoma Federated Gold & Numismatics v Blodgett,* 24 F3d 136; *Matter of Lockard,* 884 F2d 1171, 1179). Edison Apparel's liability to the landlord arose under the assignment of the lease from EBS-Gussini, Inc. to Edison Apparel. When Edison Apparel assigned the lease to Morse Shoes, it acknowledged that, notwithstanding the assignment, it would "remain liable to Landlord under the Lease." Thus, the liability of Edison Apparel to plaintiff exists independent of the indemnification agreement. This is not a case where the bankrupt is obligated, by operation of law, to indemnify the nondebtor defendant for a judgment obtained against that defendant *(see, e.g., Robins Co. v Piccinin,* 788 F2d 994, *supra* [A.H. Robins Co., as employer, was obligated to indemnify its employees, who were the nondebtor defendants]). Under the assignment, Morse Shoes would have to indemnify Edison Apparel only if it is shown that Morse Shoes breached the lease or assignment. We conclude that no unusual circum-

stance exists to warrant imposition of the automatic stay *(see, Oklahoma Federated Gold & Numismatics v Blodgett, supra; Matter of Lockard, supra; Allegheny Intl. Credit Corp. v Bio-Energy of Lincoln,* 21 Mass App 155, 485 NE2d 965, *appeal denied* 396 Mass 1105, 488 NE2d 1179).

■ This appeal is limited by the terms of the notice of appeal to that portion of the order that imposed a stay. Under that circumstance, plaintiff has waived its right to appeal from that portion of the order that declined to consider whether partial summary judgment should be granted *(see, Beauchamp v Riverbay Corp.,* 156 AD2d 172).

Accordingly, the order insofar as appealed from should be reversed and defendants' cross motion for a stay denied.

GREEN, J. P., WESLEY, CALLAHAN and BOEHM, JJ., concur.

Order insofar as appealed from unanimously reversed, on the law, without costs, and cross motion denied.