■ PHILIP JAFFE, Appellant, v NORMAN GORDON et al., Respondents. [658 NYS2d 612] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered February 6, 1996, which, *inter alia*, declared, in favor of defendants Era Realty Co. and Richard Cohen, that an alleged five-year lease between plaintiff and Era Realty is void, and order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about December 4, 1996, which, *inter alia*, granted defendants' motion for summary judgment dismissing plaintiff's cause of action for tortious interference with a contract, unanimously affirmed, with costs.

The purported five-year lease between plaintiff and Era Realty Co. was void under General Obligations Law § 5-703 (2) in the absence of a memorandum subscribed by Era Realty. The lease was also unenforceable because there was no delivery of a fully executed lease to plaintiff as required by a provision of the lease, and by "well-established rule in this State" (*219 Broadway Corp. v Alexander's Inc.*, 46 NY2d 506, 511). Since plaintiff failed to establish the existence of a valid contract, he could not establish tortious interference with a contract (*see, Israel v Wood Dolson Co.*, 1 NY2d 116, 120; 72 NY Jur 2d, Interference, §§ 6-8). Plaintiff has waived his right to appeal from that portion of the December 4, 1996 order which dismissed his cause of action for infliction of emotional distress since his limited notice of appeal does not include such portion of the order (*Nassau County v Incorporated Vil. of Roslyn*, 218 AD2d 688, 690; *Central Buffalo Project Corp. v Edison Bros. Stores*, 205 AD2d 295, 298). Were we to consider the issue, we would affirm the dismissal of that cause of action (*see, Nader v General Motors Corp.*, 25 NY2d 560, 569). Concur—Murphy, P. J., Milonas, Tom, Andrias and Colabella, JJ.