■ TRANS-CONTINENTAL CREDIT & COLLECTION CORP., Respondent, v PAUL FOTI et al., Defendants, and NORTH EASTERN ASSET RECOVERY, INC., Appellant. [704 NYS2d 106] —In an action, inter alia, to recover damages for tortious interference with contract, the defendant North Eastern Asset Recovery, Inc., appeals from an order of the Supreme Court, Westchester. County (DiBlasi, J.), entered April 7, 1999, which denied its motion pursuant to CPLR 3211 (a) and 3013 to dismiss the eighth, ninth, and tenth causes of action asserted in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the tenth cause of action and substituting therefor a provision granting that branch of the appellant's motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Trans-Continental Credit & Collection Corp. (hereinafter TCC), commenced this action, inter alia, against two former employees, the defendants Paul Foti and David Hirsch, to recover damages for breach of the restrictive covenants in the noncompetition agreements between each employee and TCC. The complaint included three causes of action against North Eastern Asset Recovery, Inc. (hereinafter NEAR), a competitor of TCC, which hired the defendant employees, to recover for damages for tortious interference with contract. The eighth cause of action alleged tortious interference with Foti's contract, the ninth cause of action alleged tortious interference with Hirsh's contract, and the tenth cause of action alleged tortious interference with the contracts of unnamed employees.

NEAR moved to dismiss the eighth and ninth causes of action for failure to state a cause of action. NEAR contended that the subject noncompetition agreements were unenforceable, and no cause of action for tortious interference with contract lies in the absence of a valid contract (see, Lama Holding Co. v

*Smith Barney,* 88 NY2d 413; *Savannah Bank v Savings Bank,* 261 AD2d 917; *Jaffe v Gordon,* 240 AD2d 232). Specifically, NEAR contended that the temporal and geographic restrictions placed on the right of Foti and Hirsch to compete with TCC and to solicit TCC customers following the termination of their employment were unreasonably broad and invalidated the entire agreement.

In general, restrictive covenants in employment agreements will be enforced if reasonably limited temporally and geographically, and to the extent necessary to protect the employer's use of trade secrets or confidential customer information (*see, BDO Seidman v Hirshberg,* 93 NY2d 382; *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303; *Stiepleman Coverage Corp. v Raifman,* 258 AD2d 515). The allegations in the complaint established prima facie that the restrictive covenants in the subject agreements were necessary to protect confidential client information (*see, Tulchin Assocs. v Vignola,* 186 AD2d 183), and the complaint alleged a breach of the provision in the agreement prohibiting the disclosure of such confidential information.

The temporal and geographic restrictions contained in the noncompetition and nonsolicitation provisions of the agreements are on their face unreasonably broad. However, any unenforceable provisions of the agreement are severable from the confidentiality provision and may be partially enforced to the extent necessary to protect the legitimate interests of TCC (*see, BDO Seidman v Hirshberg, supra*; *Karpinski v Ingrasci,* 28 NY2d 45). Accordingly, the Supreme Court properly denied the motion insofar as it sought dismissal of the eighth and ninth causes of action.

We agree with NEAR, however, that the tenth cause of action, seeking to recover damages for interference with the agreement of unnamed employees of the plaintiff, should have been dismissed pursuant to CPLR 3013. The allegations were not sufficiently particular to give notice of the transactions and occurrences intended to be proved and the material elements of the cause of action (*see, Spano v Perini Corp.,* 25 NY2d 11, 18; *DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236; *Foley v D'Agostino,* 21 AD2d 60).

The parties' remaining contentions are without merit. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.