■ RAY MARCINAK, Respondent, v GENERAL MOTORS CORPORATION et al., Appellants. (And a Third-Party Action.) [727 NYS2d 309] —Appeal from order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 8, 2000, which, upon appellants' motion for summary judgment dismissing the complaint on the ground that plaintiff lacks standing to pursue this action due to his failure to disclose this personal injury claim in his schedule of assets filed in his chapter 7 bankruptcy proceeding, stayed this action for all purposes pending a prompt motion to reopen the closed bankruptcy proceeding to determine whether the Trustee abandoned this suit after becoming aware of it, unanimously dismissed, without costs, as moot.

We take judicial notice that, subsequent to the order appealed from, the bankruptcy proceeding was reopened and the Trustee applied to the United States Bankruptcy Court for the Northern District of New York for an order authorizing her to abandon to the debtor (plaintiff herein) a cause of action against appellants herein for personal injuries in an accident, which application was granted by order entered May 3, 2001. Said order abandoned said cause of action to plaintiff nunc pro tunc to May 5, 1998, the date of filing of the bankruptcy petition, and ordered that the statutory exemption of the debtor in the proceeds of said personal injury action shall be $2,500 and the Trustee shall have a non-dischargeable, first priority lien against the net proceeds from said cause of action in the amount of $75,000.

Accordingly, inasmuch as the instant action was commenced on September 8, 1998, after the effective date of the Trustee's abandonment, appellants' challenge to plaintiff's standing to pursue his personal injury claim has been rendered moot by the Bankruptcy Court's order. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.