■ MJD CONSTRUCTION, INC., et al., Plaintiffs, v WOODSTOCK LAWN & HOME MAINTENANCE et al., Defendants, POUGHKEEP-SIE GALLERIA COMPANY, Appellant, and JOSEPH HOMMEL, JR., Respondent. [740 NYS2d 402] —In an action to foreclose two mechanics' liens, the defendant Poughkeepsie Galleria Company appeals (1), as limited by its brief, from stated portions of an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 23, 2001, which, inter alia, granted the motion of the defendant Joseph Hommel, Jr., for summary judgment against it on the unpaid balance of his mechanic's lien, and (2) from a judgment of the same court, dated May 9, 2001, which is in favor of defendant Joseph Hommel, Jr., and against it in the principal sum of $10,983.41.

Ordered that the appeal from so much of the order as granted the motion of the defendant Joseph Hommel, Jr., is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from so much of the intermediate order as granted the motion of the defendant Joseph Hommel, Jr., for summary judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The appellant, Poughkeepsie Galleria Company (hereinafter the Galleria), owns a parcel of real property in Poughkeepsie, where it built a shopping center. Its general contractor, David Gutierrez (hereinafter Gutierrez), hired the two plaintiffs and the defendant Joseph Hommel, Jr., among others, as subcontractors. Several of the subcontractors, including the two plaintiffs and Hommel, served and filed mechanics' liens within eight months after completing their work in 1998. In February 2000, Gutierrez filed for bankruptcy.

The Galleria moved in the bankruptcy proceeding to exempt from discharge, inter alia, $921,804, which the Galleria had paid to Gutierrez on behalf of the subcontractors. The Galleria alleged that Gutierrez had defrauded both the Galleria and the subcontractors by retaining this money. The bankruptcy court awarded the Galleria the $921,804 on Gutierrez's default, invoking 11 USC 523 (a) (4) (fraud by the debtor) and (6) (willful and malicious injury by the debtor).

The Galleria is now estopped from denying that it owes money to Gutierrez's subcontractors, since such a position would conflict with its stance before the bankruptcy court (*see Nestor v Britt,* 270 AD2d 192; *All Terrain Props. v Hoy,* 265 AD2d 87). The Supreme Court was entitled to take judicial notice of the record and judgment in the related bankruptcy proceeding (*see Weinberg v Hillbrae Bldrs.,* 58 AD2d 546).

The Galleria's remaining contentions are without merit. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.