Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered December 23, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion to compel the depositions of defendants Justin Sallusto and Joseph Indelicate, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded to Supreme Court for further proceedings.
Sallusto and Indelicate are being sued as guarantors of an agreement between plaintiff and defendant Unlimited Locations LLC. The court erred in denying plaintiffs motion on the basis of the automatic stay triggered by the bankruptcy petition filed by Unlimited only (see 11 USC § 362 [a]). The automatic bankruptcy stay is generally not extended to non-debtor guarantors (see Milliken & Co. v Stewart, 182 AD2d 385, 386 [1st Dept 1992], citing Credit Alliance Corp. v Williams, 851 F2d 119 [4th Cir 1988]). The automatic stay normally applies to non-debtors only when a claim against a non-debtor will have “an immediate adverse economic consequence for the debtor’s estate” (Queenie, Ltd. v Nygard Intl., 321 F3d 282, 287 [2d Cir 2003]). Sallusto and Indelicate have not made a showing that the continuation of this action against them would have such an effect on Unlimited’s estate.
While the applicability of section 362 (a) is limited, 11 USC § 105 (a) vests bankruptcy courts with broad powers to “fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code” (United States v Sutton, 786 F2d 1305, 1307 [5th Cir 1986]). Defendants assert that further litigation here would hamper Sallusto’s efforts to assist in Unlimited’s reorganization. On this score, we note that injunctions under section 105 (a) have been granted by bankruptcy courts in circumstances where “the creditor’s action would prevent the non-debtor from contributing funds to the reorganization, or would consume time and energy of the non-debtor that would otherwise be devoted to a reorganization effort” (see e.g. In re United Health Care Org., 210 BR 228, 232 [SD NY 1997], appeal dismissed 147 F3d 179 [2d Cir 1998]). Accordingly, any relief should be sought in bankruptcy court. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, ManzanetDaniels and Clark, JJ.