LG 2 Doe v Jasinski (2021 NY Slip Op 03689)





LG 2 Doe v Jasinski


2021 NY Slip Op 03689


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


197 CA 20-00322

[*1]LG 2 DOE, PLAINTIFF-APPELLANT,
v
GERALD JASINSKI, DEFENDANT-RESPONDENT, THE DIOCESE OF BUFFALO, N.Y., AND BLESSED MOTHER TERESA OF CALCUTTA PARISH, FORMERLY KNOWN AS ST. JAMES ROMAN CATHOLIC CHURCH, DEFENDANTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 24, 2020. The order, insofar as appealed from, stayed entry of judgment against defendant Gerald Jasinski pending disposition of the action with respect to the remaining defendants. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed in the exercise of discretion without costs, the second ordering paragraph is vacated, the motion is granted in its entirety and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action pursuant to the Child Victims Act seeking damages for personal injuries he sustained as a result of sexual abuse allegedly perpetrated in the late 1970s by Gerald Jasinski (defendant), who was purportedly then serving as a priest at defendant Blessed Mother Teresa of Calcutta Parish, formerly known as St. James Roman Catholic Church (Church), operated by defendant Diocese of Buffalo, N.Y. (Diocese). Plaintiff asserted a cause of action against defendant for his alleged intentional conduct that constituted sexual offenses under Penal Law article 130. Plaintiff also asserted causes of action against the Church and the Diocese (collectively, Church defendants) alleging that they knew or should have known of defendant's propensity to commit sexual abuse and that they were negligent and reckless in appointing, training, retaining, and supervising defendant. The Church defendants answered, but defendant, despite being personally served, failed to answer. Plaintiff thereafter moved pursuant to CPLR 3215 for a judgment determining that defendant was in default and directing a determination of damages against defendant. There was no opposition to plaintiff's motion.
Supreme Court determined that plaintiff had established his entitlement to a default judgment against defendant. The court further determined, however, that plaintiff's claims against defendant implicated the potential liability and damages against the Church defendants, which were still litigating those issues, and that an award of damages against defendant prior to resolution of those issues would be prejudicial to the Church defendants. The court thus granted plaintiff's motion insofar as it sought a determination that defendant was in default. The court, however, effectively denied that part of the motion seeking a determination of damages by staying entry of a default judgment, pursuant to CPLR 3215 (d), until the conclusion of a trial or disposition of the matter with respect to the non-defaulting Church defendants, at which time damages would be determined. Plaintiff now appeals from the ensuing order to that extent.
As a preliminary matter, we take judicial notice of the fact that, following entry of the order on appeal, the Diocese commenced a chapter 11 bankruptcy proceeding (see MJD Constr. v Woodstock Lawn & Home Maintenance, 293 AD2d 516, 517 [2d Dept 2002], lv denied 100 NY2d 502 [2003], rearg denied 100 NY2d 616 [2003]; Marcinak v General Motors Corp., 285 AD2d 387, 387 [1st Dept 2001]; see generally Matter of Khatibi v Weill, 8 AD3d 485, 485 [2d [*2]Dept 2004]). We agree with plaintiff, however, that the bankruptcy proceeding does not stay this appeal, which involves only plaintiff and defendant. In general, "the automatic stay provisions of section 362 (a) (1) of the Bankruptcy Code (11 USC § 362 [a] [1]) do not apply to non[-]debtor defendants" (Central Buffalo Project Corp. v Edison Bros. Stores, 205 AD2d 295, 297 [4th Dept 1994], citing, inter alia, Teachers Ins. & Annuity Assn. of Am. v Butler, 803 F2d 61, 65 [2d Cir 1986]; see e.g. Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 917 [2d Dept 2016]; Katz v Mount Vernon Dialysis, LLC, 121 AD3d 856, 857 [2d Dept 2014]). Under certain limited circumstances, "[t]he automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate" (Queenie, Ltd. v Nygard Intl., 321 F3d 282, 287 [2d Cir 2003]), such as "when the bankrupt [defendant] is obligated to indemnify a non-debtor defendant" (Murnane Assoc. v Harrison Garage Parking Corp., 217 AD2d 1003, 1003 [4th Dept 1995], citing A.H. Robins Co. v Piccinin, 788 F2d 994, 999-1001 [4th Cir 1986], cert denied 479 US 876 [1986]; see Central Buffalo Project Corp., 205 AD2d at 297). Here, the automatic stay provisions of 11 USC § 362 do not apply to defendant, a non-debtor, and the record lacks evidence of any circumstances that would warrant extension of the stay to defendant (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Oxford Venture Partners, LLC, 13 AD3d 89, 89 [1st Dept 2004]; Murnane Assoc., 217 AD2d at 1003).
With respect to the merits, plaintiff first contends that the court erred in denying his motion in part because, pursuant to CPLR 3215 (d), deferring the entry of judgment and the determination of damages is authorized only upon application of the party seeking a default judgment, and here plaintiff made no such application. We reject that contention. Upon our review of the text of CPLR 3215 (d), as well as "the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history" (Nostrom v A.W. Chesterton Co., 15 NY3d 502, 507 [2010] [internal quotation marks omitted]; see Altman v 285 W. Fourth LLC, 31 NY3d 178, 185 [2018], rearg denied 31 NY3d 1136 [2018]), we conclude that where, as here, a court has before it a motion for a judgment against one defaulting defendant and other non-defaulting defendants, the court is afforded discretion to decide whether the determination of damages against the defaulting defendant should await the disposition of the matter against the non-defaulting defendants (see Sponsor's Mem, Bill Jacket, L 1992, ch 255 at 5; Mem in Support, Bill Jacket, L 1992, ch 255 at 6; Assembly Introducer's Mem in Support, Bill Jacket, L 1992, ch 255 at 8; cf. NY St Bar Assn, Comm on Civ Practice & Rules, Bill Jacket, L 1992, ch 255 at 19-20; see also 7 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3215.18 [2020]; see generally Caronia v Peluso, 2016 NY Slip Op 30311[U], *2 [Sup Ct, Suffolk County 2016], affd 170 AD3d 649 [2d Dept 2019]; Revankar v Tzabar, 16 Misc 3d 1127[A], 2007 NY Slip Op 51590[U], *6-7 [Sup Ct, Kings County 2007]).
We nevertheless agree with plaintiff that the court's decision to stay entry of judgment and defer the determination of damages against defendant until resolution of the matter with respect to the Church defendants constitutes an improvident exercise of its discretion, and we therefore substitute our own discretion "even in the absence of abuse [of discretion]" (Brady v Ottaway Newspapers, 63 NY2d 1031, 1032 [1984]; see generally Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 70 NY2d 831, 833 [1987]). To the extent that prejudice to non-defaulting defendants is an appropriate consideration under CPLR 3215 (d) (see Revankar, 2007 NY Slip Op 51590[U], *6-7), we conclude that any prejudice to the Church defendants is relatively insignificant. While plaintiff's damages arising from the intentional sexual abuse by defendant are certainly closely related to the claims of negligence and recklessness against the Church defendants, a determination of damages against defendant will not be given preclusive effect against the Church defendants inasmuch as they will not have had a full and fair opportunity to litigate that issue in the separate damages proceeding involving only defendant (see Taylor v Pescatore, 102 AD2d 867, 867 [2d Dept 1984]; Gallivan v Pucello, 38 AD2d 876, 876 [4th Dept 1972]). Instead, the Church defendants will be afforded a full and fair opportunity to contest both liability and damages for their own alleged negligence and recklessness, which, although related, is distinct from the intentional conduct for which defendant is liable in default.
Conversely, plaintiff may suffer significant prejudice by further delay of a determination of damages against defendant. As with stays generally, a postponement of a damages determination "can easily be a drastic remedy, on the simple basis that justice delayed is justice denied" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2201:7). In that regard, we agree with plaintiff that further delay undermines the purpose of the [*3]Child Victims Act, which is to "finally allow justice for past and future survivors of child sexual abuse, help the public identify hidden child predators through civil litigation discovery, and shift the significant and lasting costs of child sexual abuse to the responsible parties" (NY Comm Report, 2019 NY Senate Bill 2440). Given the uncertainty as to when plaintiff's claims may be resolved against the Church defendants, additional delay may hinder his efforts to prove damages against defendant and secure a final judgment, particularly considering defendant's age and the prospect that defendant's assets may be dissipated in the interim. Although judicial economy, which is an important consideration under CPLR 3215 (d) (see Sponsor's Mem, Bill Jacket, L 1992, ch 255 at 5; Assembly Introducer's Mem in Support, Bill Jacket, L 1992, ch 255 at 8), may favor a single damages proceeding involving both the defaulting and non-defaulting defendants, we conclude that such consideration does not outweigh the significant prejudice that may inure to plaintiff, who has expressed his desire to move forward against defendant regardless of the additional economic and emotional costs in doing so.
We therefore reverse the order insofar as appealed from in the exercise of discretion, vacate the second ordering paragraph, and grant the motion in its entirety, and we remit the matter to Supreme Court for a determination of damages pursuant to CPLR 3215 (b). Finally, to the extent that plaintiff is enjoined from prosecuting this action against defendant as a result of a preliminary injunction recently issued by the bankruptcy court, we note that he may pursue whatever relief therefrom is available to him including, as stated by the bankruptcy court, a motion seeking relief from that court.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court