LG 1 Doe v Friel (2021 NY Slip Op 03693)





LG 1 Doe v Friel


2021 NY Slip Op 03693


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


202 CA 20-00321

[*1]LG 1 DOE, PLAINTIFF-APPELLANT,
v
MARK M. FRIEL, DEFENDANT-RESPONDENT, THE DIOCESE OF BUFFALO, N.Y., AND HOLY APOSTLES PARISH OF JAMESTOWN, FORMERLY KNOWN AS SS PETER & PAUL ROMAN CATHOLIC CHURCH, DEFENDANTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 24, 2020. The order, insofar as appealed from, stayed entry of judgment against defendant Mark M. Friel pending disposition of the action with respect to the remaining defendants. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed in the exercise of discretion without costs, the second ordering paragraph is vacated, the motion is granted in its entirety, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action pursuant to the Child Victims Act seeking damages for personal injuries he sustained as a result of sexual abuse allegedly perpetrated in the mid-1980s by Mark M. Friel (defendant), who was purportedly then serving as a priest at defendant Holy Apostles Parish of Jamestown, formerly known as SS Peter & Paul Roman Catholic Church (Church), operated by defendant Diocese of Buffalo, N.Y. (Diocese). Defendant failed to answer. Plaintiff thereafter moved pursuant to CPLR 3215 for a judgment determining that defendant was in default and directing a determination of damages against defendant. Supreme Court granted plaintiff's motion insofar as it sought a determination that defendant was in default. The court, however, effectively denied that part of the motion seeking a determination of damages by staying entry of a default judgment, pursuant to CPLR 3215 (d), until the conclusion of a trial or disposition of the matter with respect to the non-defaulting Church and Diocese, at which time damages would be determined. Plaintiff now appeals from the ensuing order to that extent. For the reasons set forth in our decision in the companion case (Doe v Jasinski, — AD3d — [June 11, 2021] [4th Dept 2021]), we reverse the order insofar as appealed from in the exercise of discretion, vacate the second ordering paragraph, and grant the motion in its entirety, and we remit the matter to Supreme Court for a determination of damages pursuant to CPLR 3215 (b). Finally, to the extent that plaintiff is enjoined from prosecuting this action against defendant as a result of a preliminary injunction recently issued by the bankruptcy court, we note that he may pursue whatever relief therefrom is available to him including, as stated by the bankruptcy court, a motion seeking relief from that court.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court