LG 46 DOE v Jackson (2021 NY Slip Op 06507)





LG 46 DOE v Jackson


2021 NY Slip Op 06507


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


912 CA 20-01123

[*1]LG 46 DOE, PLAINTIFF-APPELLANT,
v
JAMES B. JACKSON, DEFENDANT-RESPONDENT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.


 Appeal from an amended order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered August 3, 2020. The amended order, insofar as appealed from, deferred that part of plaintiff's motion seeking a determination of damages against defendant. 
It is hereby ORDERED that the amended order insofar as appealed from is unanimously reversed in the exercise of discretion without costs, the second ordering paragraph is vacated, the motion is granted in its entirety and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action pursuant to the Child Victims Act seeking damages for personal injuries he sustained as a result of sexual abuse allegedly perpetrated in the 1990s by defendant, who was purportedly then employed as a staff member at Young Men's Christian Association Buffalo Niagara (YMCA Buffalo Niagara). Plaintiff asserted a cause of action against defendant for his alleged intentional conduct that constituted sexual offenses under Penal Law article 130. Plaintiff also commenced a separate action against, inter alia, YMCA Buffalo Niagara. Defendant, despite being personally served, failed to answer. Plaintiff thereafter moved pursuant to CPLR 3215 for a judgment determining that defendant was in default and directing a determination of damages against defendant. There was no opposition to plaintiff's motion.
Supreme Court determined that plaintiff had established his entitlement to a default judgment against defendant. The court further stated, however, that plaintiff had commenced a separate action based on the same factual allegations and seeking to recover for the same injuries against YMCA Buffalo Niagara, which had appeared therein. The court thus granted plaintiff's motion insofar as it sought a determination that defendant was in default. The court, however, effectively denied that part of the motion seeking a determination of damages by staying entry of a default judgment, pursuant to CPLR 3215 (d), until the time of trial or other disposition of the separate action against YMCA Buffalo Niagara, at which time damages would be determined. Plaintiff now appeals from the amended order to that extent.
Plaintiff first contends that the court erred in denying his motion in part because, pursuant to CPLR 3215 (d), deferring the entry of judgment and the determination of damages is authorized only upon application of the party seeking a default judgment, and here plaintiff made no such application. We reject that contention for reasons stated in our decision in Doe v Jasinski (195 AD3d 1399, 1401-1402 [4th Dept 2021]).
Plaintiff next contends that CPLR 3215 (d) limits a court's authority to defer entry of judgment and a damages determination to cases involving multiple defendants in a single action, rather than multiple defendants across separate actions. Even assuming—based on the statutory text of CPLR 3215 (d) as well as "the spirit and purpose of the legislation" (Nostrom v A.W. Chesterton Co., 15 NY3d 502, 507 [2010] [internal quotation marks omitted]; see Altman v 285 W. Fourth LLC, 31 NY3d 178, 185 [2018], rearg denied 31 NY3d 1136 [2018]), which includes judicial economy as an important feature (see Jasinski, 195 AD3d at 1403; Sponsor's Mem, Bill Jacket, L 1992, ch 255 at 5; Assembly Mem in Support, Bill Jacket, L 1992, ch 255 at 6; Letter [*2]from Assembly Introducer to Counsel to Governor, June 17, 1992, Bill Jacket, L 1992, ch 255 at 8)—that a court may, under appropriate circumstances, defer entry of judgment and a determination of damages against a defaulting defendant until resolution of a separately-commenced companion action against non-defaulting defendants, we nonetheless agree with plaintiff's further contention that the court's decision to do so here constitutes an improvident exercise of its discretion (see Jasinski, 195 AD3d at 1402-1403; see also Doe v Friel, 195 AD3d 1409, 1409 [4th Dept 2021]). We therefore substitute our own discretion "even in the absence of abuse [of discretion]" (Brady v Ottaway Newspapers, 63 NY2d 1031, 1032 [1984]; see Jasinski, 195 AD3d at 1402; see also Friel, 195 AD3d at 1409).
Here, plaintiff may suffer significant prejudice by further delay of a determination of damages against defendant. "As with stays generally, a postponement of a damages determination 'can easily be a drastic remedy, on the simple basis that justice delayed is justice denied' " (Jasinski, 195 AD3d at 1403, quoting Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2201:7). In that regard, we agree with plaintiff that "further delay undermines the purpose of the Child Victims Act, which is to 'finally allow justice for past and future survivors of child sexual abuse, help the public identify hidden child predators through civil litigation discovery, and shift the significant and lasting costs of child sexual abuse to the responsible parties' " (id., quoting Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 8). Given the schedule of the separate action and the accompanying "uncertainty as to when plaintiff's claims may be resolved against [YMCA Buffalo Niagara], additional delay may hinder [plaintiff's] efforts to prove damages against defendant and secure a final judgment, particularly considering defendant's age and the prospect that defendant's assets may be dissipated in the interim" (id.). By contrast, we note that the court did not identify any prejudice to YMCA Buffalo Niagara (cf. id. at 1400, 1402-1403). "Although judicial economy, which is an important consideration under CPLR 3215 (d) . . . , may favor a single damages proceeding involving both the defaulting and non-defaulting defendants," we conclude here that "such consideration does not outweigh the significant prejudice that may inure to plaintiff" (id. at 1403).
We therefore reverse the amended order insofar as appealed from in the exercise of discretion, vacate the second ordering paragraph, and grant the motion in its entirety, and we remit the matter to Supreme Court for a determination of damages pursuant to CPLR 3215 (b).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court