Morales v American United Transp., Inc. (2023 NY Slip Op 01143)

Morales v American United Transp., Inc.

2023 NY Slip Op 01143

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

Index No. 28481/20 Appeal No. 17447 Case No. 2022-00600 

[*1]Edith Morales et al., Plaintiffs-Appellants,
v
American United Transportation, Inc., et al., Defendants-Respondents.

G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellants.
Silverson, Pareres & Lombardi LLP, White Plains (Joseph T. Pareres of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about November 3, 2021, which denied plaintiffs' motion for a default judgment and deemed defendants' answer timely filed, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiffs' motion for a default judgment and allowing the case to continue and be heard on the merits, notwithstanding defendants' failure to submit formal opposition to the motion. This is especially so under the circumstances here, where defendants' insurance carrier was declared insolvent and placed into liquidation shortly after the commencement of this action, and defense counsel was not designated by the New York State Liquidation Bureau to represent defendants' interests until after the motion had been marked submitted. Further, upon receipt of the case, defense counsel promptly contacted plaintiffs' attorney for a stipulation to have the motion withdrawn and a late answer filed without any jurisdictional defenses, but to no avail. Counsel's subsequent attempt to file an answer was rejected by plaintiffs as untimely. In view of the foregoing, and this State's preference for resolving controversies on the merits, the interests of justice warranted an exercise of discretion in excusing defendants' delay in answering the complaint (see New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 465 [1st Dept 2012]) and sua sponte deeming the late answer timely filed (see M&E 73-75 LLC v 57 Fusion LLC, 121 AD3d 528, 529 [1st Dept 2014]). Moreover, defendants represent that, at the time plaintiffs brought their motion, all actions against the insureds of the carrier had been stayed pursuant to an Order of Ancillary Receivership entered in Supreme Court, and we take judicial notice of that order (see Matter of Khatibi v Weill, 8 AD3d 485, 485 [2d Dept 2004]; Marcinak v General Motors Corp., 285 AD2d 387 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023