Walber 82 St. Assoc., LP v Fisher (2023 NY Slip Op 02993)

Walber 82 St. Assoc., LP v Fisher

2023 NY Slip Op 02993

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J, Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 155841/22 Appeal No. 385-386-387-388 Case No. 2023-00240, 2023-00241, 2023-00245, 2023-00353 

[*1]Walber 82 Street Associates, LP, Plaintiff-Respondent,
v
Dr. Andrew Fisher, Defendant-Appellant. 

Peska & Associates, P.C., White Plains (Adam M. Peska of counsel), for appellant.
Law Office of Allison M. Furman, P.C., New York (Allison M. Furman of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J), entered October 25, 2022, in favor of plaintiff, awarding it rent with use and occupancy, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for further proceedings in accordance with this decision. Appeal from order, entered October 12, 2022, same court and Justice, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Judgment, same court and Justice, entered November 18, 2022, in favor of plaintiff, awarding it attorneys' fees, and bringing up for review an order, same court and Justice, entered on or about November 9, 2022, granting plaintiff's motion for attorneys' fees, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion denied, and the matter remanded for further proceedings in accordance with this decision.
Appeal from order, same court and Justice, entered on or about December 5, 2022, which denied defendant Dr. Andrew Fisher's motion to vacate the October 25, 2022 judgment or, in the alternative, renew the motion for summary judgment, unanimously dismissed, without costs, as abandoned.
In this landlord-tenant dispute, defendant was the principal of the original tenant, nonparty Royal Opticians, Inc. (Royal), which in or about October 2004 leased a store in a building owned by plaintiff. Defendant never signed as guarantor of the lease. In July 2022, plaintiff commenced this action against defendant individually, seeking to recover rent arrears and use and occupancy as well as attorneys' fees and costs. In support of its motion for summary judgment on its claim to recover rent from defendant, plaintiff submitted, among other things, a copy of an unsigned original lease between it and Royal; a first amendment to the lease, dated June 25, 2012, signed by plaintiff and by defendant on behalf of Royal, extending the terms of the original lease with Royal; and a second amendment to the lease, dated September 15, 2016, signed by plaintiff as landlord and defendant as tenant. The second amendment states that "it is agreed between [plaintiff and defendant] that [defendant] (individually) is and has been Tenant since the date of [Royal's] date of dissolution [in 2009]."
In opposition, Fisher averred that after the first amendment expired in 2016, Royal remained at the premises on a month-to-month basis, and that in August 2018, he signed a signature page for the second amendment while he was abroad, as a favor to plaintiff's manager. He averred that although the second amendment was notarized, he never appeared before the notary in New York, and that although he requested a copy of the fully executed document, he did not receive it until 2022, when plaintiff submitted it in connection with a holdover proceeding. He also denied being aware of key terms of the first [*2]amendment and claims he owes only use and occupancy at fair market value.
Defendant's failure to read the entire second amendment before executing it is not a defense to breach of the agreement because a "party is under an obligation to read a document before he or she signs it" (Touloumis v Chalem, 156 AD2d 230, 232 [1st Dept 1989]; see also Vulcan Power Co. v Munson, 89 AD3d 494, 495 [1st Dept 2011], lv denied 19 NY3d 807 [2012]).
However, a leasehold estate cannot be conveyed without a legal delivery of the fully executed lease to the lessee (219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 511, 512 [1979]; Jaffe v Gordon, 240 AD2d 232, 232 [1st Dept 1997]), and plaintiff did not offer sufficient proof to rebut Fisher's showing that he never received delivery of the executed second amendment during the lease period. Evidence of defendant's continued occupancy and payment of rent after expiration of the first amendment to the lease in 2016 is equally consistent with a month-to-month tenancy giving rise to an obligation to pay use and occupancy, and therefore does not, without more, prove delivery of the second amendment. Although plaintiff argued that it submitted the executed second amendment to a lender for the purpose of refinancing the building, there is no admissible proof in the record of that submission, and under the circumstances, there is an issue of fact as to whether plaintiff's actions are sufficient to demonstrate an intent to convey a leasehold interest to Fisher.
Because plaintiff is not entitled to summary judgment, it likewise is not entitled to an award of attorneys' fees at this time. We therefore do not consider whether the attorneys' fees clause in the unsigned original lease can be a basis for an award of attorneys' fees.
We have considered plaintiff's remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023